RECEIPT # 53015
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 1-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV,<br><br>  Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.,<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>**04-10063 GAO**<br><br>MAGISTRATE JUDGE Collings |

# COMPLAINT

Plaintiff, Albert L. Lash, IV, by his attorneys, Grimes & Battersby, LLP, for his Complaint against Defendant RBM Technologies, Inc., alleges as follows:

## INTRODUCTION

1. This is an action in law and equity for, *inter alia*, copyright infringement arising out of Defendant's infringement of Plaintiff's copyright in a software program.

2. Plaintiff wrote a software program which enables financial institutions and other retail businesses to use the Internet to ensure that all of their branches or retail outlets are able to uniformly present information regarding the institutions' or business' products and services ("the Software"). Defendant has induced third parties to make unauthorized use of Plaintiff's Software by selling and distributed Plaintiff's software program to such third parties. This action seeks to redress Defendant's violation of the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.*

## PARTIES

3. Plaintiff Albert L. Lash, IV ("Lash") is an individual residing at 32 Bishop Road, Apartment 4, Quincy, Massachusetts.

4. Defendant RBM Technologies, Inc. ("RBM") is a Delaware corporation having an address and principal place of business at 25 Mount Auburn Street, Cambridge, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. This Court has personal jurisdiction over Defendant by virtue of the fact that, upon information and belief, Defendant: (1) maintains its principal place of business in the Commonwealth of Massachusetts; (2) regularly solicits business in the Commonwealth of Massachusetts by offering to sell and/or selling software products and support services for such products; (3) distributes goods with the reasonable expectation that such goods are to be used or consumed in the Commonwealth of Massachusetts and said goods are so used or consumed; and (4) has engaged in tortious conduct in the Commonwealth of Massachusetts by offering to sell and/or selling infringing software in this state.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), 1391(c) and 1400(a).

## FACTS COMMON TO THE COUNTS

8. Plaintiff Lash is an experienced and highly skilled computer programmer and software developer who has the ability to develop, create and author original source code for

software products. Lash is also skilled at providing computer support services, such as the creation of computer graphic designs, network administration and general Internet technology administration. Based upon his varied computer experience, Lash has been in demand as a consultant for his computer programming and software development abilities.

9. Defendant RBM is a corporation which is in the business of marketing software products to third parties.

10. On or about May 1, 2001, Defendant hired Lash as an independent contractor to provide computer consulting services to RBM Technologies and its sister corporation RBM Systems. Specifically, Defendant hired Lash on an ongoing basis to be paid an hourly fee of $35 to assist with general software development, the creation of graphic designs, networking administration and general Internet technologies administration. The parties did not put this arrangement into writing and they did not consider, discuss, or sign a separate writing governing the copyright ownership of any software developed by Lash.

11. Shortly after hiring Lash as a consultant on an independent contractor basis, Defendant showed him a mock-up of a website that displayed pictures of the interior of bank branches in the Quicktime VR software format and static images of promotional materials (the "Mock-up"). Defendant did not yet have a corresponding software program for the Mock-up and sought Lash's skills as a computer programmer and software developer to create the software to make the Mock-up an actual software program.

12. Upon information and belief, the Mock-up was developed for Defendant by an independent contractor, Ramsey Badawi.

13. Upon information and belief, the Mock-up was never presented to any prospective clients.

14. During May and June 2001, Lash developed and authored the source code for the Software on an independent contractor basis. The Software essentially brought the Mock-up and static images to life. Lash developed the Software as an independent contractor and it contained only his original ideas, source code and writing.

15. The Software, in its current form, is over four hundred (400) pages in length, all originally and independently created and authored by Lash.

16. On or about July 2001, Lash completed the graphical demonstration for the Software. During this month, adjustments to Lash's hourly rate and payment structure were made by Defendant without any notice to Plaintiff.

17. On or about late July 2001 or early August 2001, Lash and Defendant discussed a possible weekly salary payment structure, which would have provided Lash with a weekly salary of $1,350. Following these discussions, Defendant drafted an engagement letter that allegedly set forth the terms of Lash's proposed future employment relationship with Defendant (the "Agreement"). (A true and correct copy of the Agreement is attached hereto as Exhibit A). The Agreement drafted by Defendant expressly provided that Lash would not become an employee of Defendant upon execution of the Agreement. Rather, it was expressly stated that such employment would only go into effect at an unspecified point of time in the future, when certain conditions precedent, some express, some implied, were satisfied. Until such conditions precedent were satisfied, Lash was still to be considered and treated as an independent contractor.

18. The Agreement was executed by the parties in September, 2001. However, Lash never became an employee of Defendant because the conditions precedent were never satisfied.

19. Defendant continued to pay Lash under the pre-existing independent contractor terms, whereby Lash provided his consulting services to Defendant on a weekly retainer fee basis. Defendant never agreed upon an annual salary with Lash and Defendant never satisfied the other implied conditions precedent to the enforcement of the Agreement.

20. During October 2001, Lash continued to develop and revise the source code for the Software, with the focus on developing a fully-featured software application and final commercial product. At the same time, Lash continued to provide general computer consulting services to Defendant's sister corporation, RBM Systems.

21. From November 2001 until January 2002, Lash continued to provide consulting services to RBM Systems on a weekly retainer fee basis.

22. In January 2002, Lash took a week-long vacation. Defendant did not pay Lash during this vacation.

23. From February 2002 through July 2002, Lash provided the majority of his consulting services for the benefit of RBM Systems.

24. On or about June 7, 2002, Defendant informed Lash that Defendant would be paying Lash a bonus by paying Lash for the Memorial Day holiday on May 27, 2002. Such bonus implied that Defendant was paying Lash on a daily, rather than weekly basis, which Defendant had suggested as a better model than hourly fees.

25. During the latter half of 2003, Lash and Defendant began to have numerous disagreements regarding the future prospects and future financial success of the Software and the possibility of bringing on a salesperson to specifically market the Software.

26. In or about November 2003, Lash presented Defendant with an expense sheet for the cost of a computer and various software programs purchased to aid with the development and creation of the Software. Defendant refused to reimburse Lash for these items.

27. On December 8, 2003, Lash provided Defendant with written notice terminating his relationship with Defendant and putting Defendant on further notice that Lash has ownership rights, including copyright ownership, to the Software. (A true and correct copy of the December 8, 2003 letter is attached hereto as Exhibit B).

28. Upon information and belief, Defendant has distributed and is continuing to distribute exact copies of Lash's Software to various financial institutions and retail establishments, including Harris Bank, Rockland Trust, Provident Bank, BMO Financial and AT&T Wireless.

29. At all times relevant hereto, Lash has complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

30. On or about December 2, 2003, Lash filed the necessary paperwork and fee to apply for the exclusive rights and privileges in and to the copyrights in the Software under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. His registration in the Software is currently pending.

31. Lash has never authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate or distribute the Software.

32. Lash has no adequate remedy at law.

First Cause of Action

COPYRIGHT INFRINGEMENT

33. Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 32 as though fully set forth herein.

34. Defendant has copied, advertised, sold, offered to sell and/or distributed unauthorized copies of Lash's copyright-protected Software.

35. Defendant's aforementioned acts constitute infringement of Lash's Software, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

36. Lash is informed and believes and thereon alleges that RBM's reproduction, sale and distribution of the Software was and is deliberate, willful and without regard to Lash's proprietary rights.

37. Defendant's copyright infringement has caused, and will continue to cause Lash to suffer substantial injuries, loss and damage to its proprietary and exclusive rights to the copyrights in the Software and further, has damaged Lash's business reputation and goodwill, diverted his trade and caused a loss of profits, all in an amount not yet ascertained.

38. Defendant's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause Lash repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Lash adequate relief at law for Defendant's acts and continuing acts. In addition, Lash's remedy at law is not adequate to compensate him for the injuries already inflicted and further threatened by Defendant. Therefore, Defendant should also be restrained and enjoined pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

39. Lash has been unable to determine the exact value of the copyright-protected

Software and therefore, has been unable to ascertain the resulting damages due him under the Copyright Act. Defendant has itself valued its current deals with consumers of the Software at $1,000,000 over the next two years and Defendant has also suggested that the value of Defendant is between $3 and $6 million dollars, in large part based upon the value of Plaintiff's Software, which Defendant unjustifiably claims as an asset of Defendant. Accordingly, Lash is entitled to an accounting from Defendant of all revenue derived by Defendant from sale and/or distribution of the Software, including all revenue diverted to Defendant's sister company, RBM Systems.

Second Cause of Action

DECLARATORY JUDGMENT THAT LASH IS THE OWNER OF THE COPYRIGHT IN THE SOFTWARE

40. Lash repeats and realleges each and every allegation of paragraphs 1 through 32 and 34 through 39 as though fully set forth herein.

41. Lash began creating, developing and writing the source code for the Software while working for Defendant as an independent contractor, before the Agreement was entered into by the parties.

42. Even after the parties entered into the Agreement, certain conditions precedent existed that had to be satisfied before Lash's employment under the Agreement took effect. Defendant never satisfied these implied conditions precedent and at all times continued to treat Lash as though he were an independent contractor for Defendant and not an employee of Defendant.

43. The parties never discussed nor entered into any other written agreement that classifies Lash's relationship with Defendant as that of work-made-for-hire under the United States Copyright Act.

44. The allegation by Defendant that it owns the copyright to the Software and its filing of a state action in the Commonwealth of Massachusetts alleging conversion of such Software and the theft of alleged trade secrets derived from Defendant's alleged ownership has caused, and will continue to cause, irreparable harm to Lash, the Software and to Lash's business reputation and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court. Lash, therefore, seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it is the owner of the copyright to the Software.

45. Lash has no adequate remedy at law.

### Third Cause of Action

### ACCOUNTING

46. Lash repeats and realleges each and every allegation of paragraphs 1 through 32, 34 through 39 and 41 through 45 as though fully set forth herein.

47. As a result of the actions of Defendant complained of herein, Lash has been unable to determine the amounts that Lash has lost as a result of these actions.

48. Accordingly, Lash is entitled to an accounting from Defendant of all revenue derived by Defendant by the unauthorized use of Lash's Software.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(A) That the Court issue an Order requiring Defendant to provide an accounting of all revenue derived to date from the sale and/or distribution of the Software;

(B) That Lash be awarded damages for Defendant's copyright infringement, either:
   (i) actual damages in an amount to be determined at trial, together with

Defendant's profits derived from its unlawful infringement of the Software; or (ii) statutory damages for each act of infringement in the amount provided by law, as set forth in 17 U.S.C. § 504, at Lash's election before the entry of a final judgment, together with prejudgment and post-judgment interest;

(C)  That the Court issue a permanent injunction enjoining Defendant and its officers, agents, servants, representatives, employees and all others in concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the Software;

(D)  That the Court issue an Order requiring Defendant to destroy all infringing copies of the Software at the conclusion of the present matter;

(E)  On the second cause of action, that the Court issue a judicial declaration pursuant to 28 U.S.C. § 2201 that Lash is the owner of the copyright in the Software.

(F)  That the Court award Lash his costs and reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

(G)  Such other and further relief as the circumstances of this case may require and as this Court may deem just and proper.

Respectfully Submitted,
ALBERT L. LASH, IV
By his Attorneys,

_____
David Fanikos, Esq., BBO No. 564303
Demeo & Associates, PC
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

                                                GRIMES & BATTERSBY, LLP
                                                Charles W. Grimes, Esq.
                                                Jessica L. Elliott, Esq.
                                                488 Main Avenue
                                                Norwalk, CT  06851
                                                Telephone:  (203) 849-8300
                                                Facsimile:  (203) 849-9300

Dated:  January 9, 2004

04-10063 GAO

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Albert L. Lash, IV

**DEFENDANTS**

RBM Technologies, Inc.

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David Fanikos, Esq.
Demeo and Associates, P.C.
227 Lewis Wharf, Boston, MA 02110
(617) 263-2600

Attorneys (If Known)
George A. McLaughlin, III, Esq.
The McLaughlin Brothers, P.C.
28 State Street, 31st Floor, Boston, MA 02109

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

[Nature of Suit checkboxes — Copyright (820) checked under PROPERTY RIGHTS]

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 USC Sections 501 and 101 and seq. This case arises out of a copyright infringement dispute.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER 04-0047

DATE 9 Ja 04   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Lash v. RBM Technologies, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04-10063 GAO**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   **RBM Technologies, Inc. v. Albert L. Lash, IV, Civil Action 04-0047 filed in Sup. Court of Middlesex County on 1/6/04**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David Fanikos, Esq.
ADDRESS  Demeo & Associates, P.C., 227 Lewis Wharf, Boston, Massachusetts 02110
TELEPHONE NO.  (617) 263-2600

(CoversheetlocaL.wpd - 10/17/02)