UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV,<br><br>Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10063 GAO |

## ANSWER AND JURY TRIAL DEMAND

### ANSWER

### First Defense

Defendant RBM Technologies, Inc. ("RBM") answers each of the correspondingly numbered paragraphs of the Complaint by plaintiff Albert L. Lash, IV ("Lash") as follows:

1. RBM admits that the Complaint purports to be an action in law and equity for copyright infringement. Except as aforesaid, the allegations in this paragraph are denied.

2. RBM admits that Lash wrote some software code and that this action seeks to redress an alleged violation of the copyright laws and for a declaratory judgment. Except as aforesaid, the allegations in this paragraph are denied.

3. Admitted.

4. Admitted.

5. Denied.

1

6. RBM denies that it has engaged in tortious conduct in the Commonwealth of Massachusetts. Except as aforesaid, the allegations in this paragraph are admitted.

7. Admitted.

8. RBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegation.

9. RBM admits that it is in the business of developing, writing, marketing and selling software products to third parties.

10. RBM admits that on or about May 1, 2001, RBM hired Lash to write some software code for it. Except as aforesaid, the allegations in this paragraph are denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. RBM admits that, on or about August 1, 2001, it entered into a written employment contract ("Agreement") with Lash pursuant to which Lash served as RBM's Vice President and Managing Director of Technology. RBM admits that an unsigned version of the Agreement is attached as Exhibit A to the Complaint. RBM denies that the unsigned version is a true and correct copy of the Agreement because the Agreement was signed by both parties. The Agreement speaks for itself. Except as aforesaid, the allegations in this paragraph are denied.

18. RBM admits that the Agreement, dated August 1, 2001, was actually signed by the parties in or about September 2001. Except as aforesaid, the allegations in this paragraph are denied.

19. Denied.

20. RBM admits that during October 2001 Lash developed and revised some of the source code for RBM's software. Except as aforesaid, the allegations in this paragraph are denied.

21. Denied.

22. RBM admits that in January 2002 Lash took a week-long vacation. Except as aforesaid, the allegations in this paragraph are denied.

23. Denied.

24. Denied.

25. RBM admits that during the latter half of 2003 Lash and RBM had discussions and disagreements regarding the future prospects and future financial success of RBM's software and the possibility of bringing on a salesperson to market RBM's software. Except as aforesaid, the allegations in this paragraph are denied.

26. RBM admits that in or about November 2003 Lash presented to RBM an expense sheet seeking reimbursement for expenses incurred approximately 12 months previously and without RBM's prior approval (as required). RBM further admits that it refused to reimburse Lash for these particular expenses. Except as aforesaid, the allegations in this paragraph are denied.

27. RBM admits that Lash, by his attorneys, provided RBM written notice on December 8, 2003 that he was terminating his relationship with RBM and that it was

Lash's position that he had ownership rights, including copyright ownership, to certain software. RBM further admits that a copy of the written notice is attached as Exhibit B to the Complaint. The written notice speaks for itself. Except as aforesaid, the allegations in this paragraph are denied.

28. Denied.

29. Denied.

30. RBM denies that Lash has any right to claim copyright ownership or any other rights in the subject software. Except as aforesaid, RBM is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and the allegations are therefore denied.

31. Denied.

32. Denied.

33. RBM realleges and incorporates by reference its answers to paragraphs 1 through 32 above.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. RBM realleges and incorporates by reference its answers to paragraphs 1 through 32 and paragraphs 34 through 39 above.

41. Denied.

42. Denied.

43. Denied.

44. RBM admits that it owns the copyright to the subject software and that it has filed a state action in the Commonwealth of Massachusetts alleging the theft of its trade secrets. Except as aforesaid, the allegations in this paragraph are denied.

45. Denied.

46. RBM realleges and incorporates by reference its answers to paragraphs 1 through 32, paragraphs 34 through 39, and paragraphs 41 through 45 above.

47. Denied.

48. Denied.

## Second Defense

The Complaint should be dismissed because Lash has failed to register the subject software with the Copyright Office.

## Third Defense

Upon information and belief, Lash engaged in fraud on the Copyright Office in that he made false representations in his application for registration of the subject work, including that he authored the subject work.

## Fourth Defense

By his own actions or conduct, Lash has waived his rights, if any, against RBM.

## Fifth Defense

By his own actions or conduct, Lash is estopped from recovering against RBM.

## Sixth Defense

RBM was authorized by Lash to engage in the allegedly infringing conduct.

### Seventh Defense

Lash is not entitled to relief because of his unclean hands.

### Eighth Defense

The Complaint is barred by laches.

### Ninth Defense

The actions and conduct of RBM have not caused Lash any damages.

### Tenth Defense

Lash has failed to mitigate his damages, if any.

### Eleventh Defense

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, defendant RBM Technologies, Inc. prays that the Court dismiss plaintiff's claims with prejudice, award RBM its attorneys' fees and costs, and award such other relief as may be just.

### JURY TRIAL DEMAND

RBM demands a trial by jury on all issues so triable.

LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

28 State Street, 31st Floor
Boston, MA 02109
Telephone (617) 523-7165
Facsimile (617) 227-5240
E-Mail: lawyers@mclaughlinbrothers.com

March 5, 2004

Civil Clerk's Office
United States District Court
John Joseph Moakley U.S. Courthouse
Suite 2300
Boston, MA 02210

Re: RBM Technologies, Inc. v. Albert L. Lash, IV
Civil Action No. 04-10063 GAO

Dear Sir/Madam:

Enclosed for filing please find the Defendant's Answer and Jury Trial Demand.

Thank you for your attention to this matter.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.

By: _____
George A. McLaughlin, III

GAM/vjp
Enclosures
cc: David Fanikos, Esq.
    Charles Grimes, Esq.

H:\RBM Technologies\LETTERS\3 5 04 filing federal court.doc