UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV,<br><br>          Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.,<br><br>          Defendant. | CIVIL ACTION NO. 04CV10063 GAO |

## MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS

The defendant, RBM Technologies, Inc. ("RBM") submits the following Memorandum in Support of its Motion to Stay Proceedings (the "Motion"). The Motion requests this Honorable Court to stay all proceedings in this action (the "Federal Case") pending completion of the proceedings in RBM Technologies, Inc. v. Albert L. Lash, IV Civil Action 04-0047 in the Superior Court for Middlesex County Massachusetts (the "State Case"), because the claims raised in the Federal Case are identical to counterclaims previously raised in the State Case, because the claims require a determination of Massachusetts state law and because the State Case is substantially underway. In support, the defendant states:

1. On January 6, 2004, RBM filed a Verified Complaint against Albert L. Lash, IV ("Lash") in Middlesex Superior Court captioned RBM Technologies, Inc., v. Albert L. Lash, IV, Civil Action No. 04-0047. On November 10, 2004, RBM filed an amended Complaint against Lash and Savonix Corporation

2

("the Amended Complaint"). A copy of the Amended Complaint is attached hereto as Exhibit A.

2. On January 9, 2004, Lash removed the State Case to the United States District Court for the District of Massachusetts.

3. On January 9, 2004, Lash filed the Federal Case alleging causes of action for Copyright Infringement; Declaratory Judgment that Lash is the Owner of the Copyright in the Software and Accounting.

4. On August 13, 2004, this Court (O'Toole, J.) remanded the State Case back to Middlesex Superior Court, holding that the crux of the case was "whether a valid contract existed between the parties and whether Lash breached that contract" and that Lash's "right to claim ownership depends on an initial resolution of the underlying contract issue". A copy of the Court's decision remanding the State Case is attached hereto as Exhibit B.

5. On November 26, 2004, Lash filed his Answer to the Amended Complaint (the "Lash Answer") in the State Case, which included ten (10) counterclaims. The Lash Answer is attached hereto as Exhibit C. The counterclaims included counts VII (Copyright Infringement); VIII (Declaratory Judgment that Lash is the Owner of the Copyright in the Software) and IX (Accounting), which are identical to the three causes of action alleged in the Federal Case.

6. A final judgment or resolution of the three identical counterclaims will render unnecessary any action in the Federal Case. The parties would be barred by res judicata from relitigating the merits of these actions, because there would be a final judgment on the merits of identical causes of action between

identical parties. <u>Breneman v. United States ex rel. the Federal Aviation Administration</u>, 381 F.3d 33, (2004).

7. Lash's Complaint in this action alleges Lash's ownership of the copyright to software allegedly created by Lash while performing services for RBM. At least a portion of the software was allegedly created after Lash and RBM had signed an engagement letter setting out the terms of Lash's employment and assigning Lash's right to intellectual property to RBM ("the Contract"). A copy of the Contract is attached hereto as Exhibit D. A determination of the validity, effect and interpretation of the Contract, all matters of Massachusetts state law, will be essential to determining Lash's claim of ownership in the copyright of the software and therefore to the determination of each of Lash's causes of action in the Federal Case. Such determinations are also necessary in the State Case.

8. The State Case is substantially underway. The parties have begun taking depositions. The parties have exchanged document requests and responses. Interrogatories have been served and answered. A special master for discovery has been appointed. The deadline for completion of discovery in the State Case, as recently amended, is January 30, 2006. The date for disposition of the State case is August 22, 2006. It is anticipated that the State case will be resolved substantially before the Federal Case.

9. It will involve a wasteful duplication of efforts for the parties to simultaneously litigate the identical causes of action in both the State Case and the Federal Case.

10. Staying the proceedings in the Federal Case will serve judicial efficiency and economy, because a final resolution in the State Case currently underway will render any action in the Federal Case unnecessary.

11. Staying the proceedings in the Federal Case will also serve judicial efficiency and economy because it will allow the Middlesex Superior Court to decide the necessary state law issues without requiring this Court to consider the same issues.

WHEREFORE, Defendant prays this Honorable Court:

A. Stay the proceedings in this case pending completion of the State Case;

B. Issue such other relief, as justice requires.

Respectfully submitted,

RBM TECHNOLOGIES, INC.

By its attorneys,

THE McLAUGHLIN BROTHERS, P.C.,

_____
George A. McLaughlin, III
BBO #544822
The McLaughlin Brothers, P.C.,
One Beacon Street, 17th Floor
Boston, Massachusetts 02108
(617) 523-7165

Dated: November 4, 2005

5

## CERTIFICATE OF SERVICE

    I, George A. McLaughlin, III, hereby certify that a true copy of the above document was served upon the attorney for every other party by U.S. Mail, postage prepaid, upon David Fanikos, Demeo & Associates, P.C., 227 Lewis Wharf, Boston, Massachusetts 02110 and Charles W. Grimes, Grimes & Battersby, LLP, 488 Main Avenue, Norwalk, Connecticut 06851 on this 7 day of November 2005.

                                        George A. McLaughlin, III

H:\RBM Technologies\PLEADINGS\Memorandum in Support of Motion to Stay.doc