UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV,<br><br>    Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04CV10063 GAO |

## DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

The defendant, RBM Technologies, Inc. ("RBM") hereby moves this Honorable Court to issue a protective order, pursuant to Fed. R. Civ. P. Rule 26 (c) that documents sought in the subpoenas issued on March 8, 2006 signed by the plaintiff's attorney, David W. Fanikos, served by fax on the afternoon of Friday, March 10, 2006 and requiring production and the permission to inspect and copy documents in the possession of Verizon Wireless, Harris Bank, Cingular Wireless, the Provident Bank, Ann Taylor Stores Corporation, The Body Shop, Bank of New York, Astoria Federal, Circuit City, Sovereign Bank, Independent Bank Corp./The Rockland Trust, American Savings Bank, Wachovia Bank, National City and City National Bank (the "Subpoenas") not be produced.

The Subpoenas were issued despite the fact that the defendant has not provided to the plaintiff the Automatic Required Disclosure required in Fed. R. Civ. P. 26 (a) (1) and therefore may not initiate discovery under LR 26.2. Further, the discovery sought in the Subpoenas will result in annoyance, embarrassment, oppression and undue burden or expense on RBM. Fed R. Civ. P. Rule 26(c). The Subpoenas call for a disclosure of RBM's trade secrets and confidential

commercial information, which will give Lash a competitive advantage against RBM. The Subpoenas are clearly intended to harass RBM and cause it embarrassment with its customers or potential customers and damage RBM's relationships with the same. Finally, the discovery sought in this case is unlikely to be necessary as the issues it addresses will likely be resolved in the separate pending case of <u>RBM Technologies, Inc. v. Albert L. Lash IV and Savonix Corporation</u>; Massachusetts Middlesex County Superior Court Civil Action No. 04-0047 (the "State Case"). The defendant requests the Court rule on this Motion on an emergency basis because the protective order is sought regarding discovery to be disclosed on March 20, 2006. In further support of its Motion, the defendant submits the accompanying Memorandum of Reasons in Support of Defendant's Emergency Motion for Protective Order.

        Respectfully submitted,

        RBM TECHNOLOGIES, INC.

        By its attorneys,

        THE McLAUGHLIN BROTHERS, P.C.,

        <u>/s/ George A. Mclaughlin, III</u>
        George A. McLaughlin, III
        BBO #544822
        The McLaughlin Brothers, P.C.,
        One Beacon Street, 17th Floor
        Boston, Massachusetts 02108
        (617) 523-7165

Dated: March 16, 2006

## CERTIFICATE OF SERVICE

I, George A. McLaughlin, III, hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *George A. McLaughlin, III*
George A. McLaughlin, III

## CERTIFICATE OF ATTEMPT TO RESOLVE

I, George A. McLaughlin, III, hereby certify, pursuant to Local Rule 7.1 (A) (2) and 37.1 (B) that counsel have conferred and attempted in good faith to resolve or narrow the issue presented in this Motion in a conference by telephone between Joel E. Faller and Jessica Rutherford at approximately 3:00 P.M. on March 16, 2006 that lasted approximately six (6) minutes. The parties were unable to reach agreement on any matter regarding the Motion.

/s/ *George A. McLaughlin, III*
George A. McLaughlin, III

H:\RBM Technologies\PLEADINGS\Motion for Protective Order (3 8 06 subpoenas).doc