LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

*One Beacon Street, 17th Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

March 21, 2006

<u>Via Facsimile (617) 748-9096</u>
<u>and Hand Delivery</u>

Honorable George A. O'Toole, Jr.
United States District Court
John Joseph Moakley U.S. Courthouse
Suite 2300
Boston, MA  02210

Re:   <u>RBM Technologies, Inc. v. Albert L. Lash, IV</u>
      Civil Action No. 04CV10063GA0

Dear Judge O'Toole:

    This is to correct several misstatements contained in the March 20, 2006 letter from Attorney David Fanikos, which our office received via facsimile yesterday at 5:35 pm.  Contrary to Attorney Fanikos' assertions the Defendant's Emergency Motion for Protective Order was appropriately filed on an emergency basis.

    The thrust of Attorney Fanikos' letter is that it is inappropriate for the defendant to file an emergency motion regarding subpoenas requiring production of documents on March 20, 2006, because the defendant was notified on March 1, 2006 that the subpoenas would be issued.  The defendant was not notified of this fact on March 1, 2006.

    On March 2, 2006, not March 1, 2006, the defendant received via facsimile the discovery requests referred to in Attorney Fanikos' letter, a copy of which is attached hereto.  The facsimile contained no reference to the subpoenas that the plaintiff's attorney intended to serve.  Each discovery request contains a certificate of service from Jessica Rutherford dated March 2, 2006.

    On March 6, 2006, the discovery requests were received at our office.  Because the packet appeared to contain the exact same material as was already received by facsimile, at the time I personally received the requests on March 6 or 7, I erroneously concluded that its contents had already been reviewed.  The error caused a delay of at most three or four days.  I discovered yesterday that the packet had also included a letter, dated March 1, 2006, inexplicably not

included in the March 2, 2006 facsimile, which purported to be a cover letter for the discovery requests sent by mail and facsimile.

    I did not know of the plaintiff's intention to issue the subpoenas requiring document production until I received notice of this fact by facsimile on Friday afternoon, March 10, 2006. At that time, I consulted with my client and filed the emergency motion as quickly as was reasonably possible.

    I apologize for any delay caused by my confusion regarding the plaintiff's correspondence. However, even if I had reviewed the letter on March 6, the day it arrived, the motion could not have been filed in sufficient time to give the plaintiff fourteen days to respond as permitted by LR 7.1 (B)(2) prior to March 20, 2006, the date of production specified in the subpoenas. That said, the defendant has no objections to proceeding with the motion on a standard timetable if the plaintiff agrees that no document production should take place until the motion is decided.

    Thank you for your consideration.

                                            Sincerely,

                                            THE McLAUGHLIN BROTHERS, P.C.

                                            By: _____
                                                  George A. McLaughlin, III

Enclosures
cc: David Fanikos, Esq.
H:\RBM Technologies\LETTERS\3 21 06 Judge O'Toole.doc