## GRIMES & BATTERSBY, LLP
### 488 MAIN AVENUE
### NORWALK, CONNECTICUT 06851-1008

TELEPHONE: (203) 849-8300                     FAX: (203) 849-9300

FROM: Jessica S. Rutherford     DATE: March 2, 2006     TIME: 11:26 AM

TO:   George McLaughlin, Esq.          NO. OF PAGES INCL. COVER SHEET: 23

COMPANY:  McLaughlin Brothers, P.C.     RE:   04-CV-10063-GAO

FAX NO.: (617)  227-5240               OUR FILE NO.:  ALL001USL1

YOUR REF: Albert L. Lash, IV v. RBM Technologies, Inc.

MESSAGE TO ADDRESSEE:

This telefax is intended for the use of the addressee only and may contain information that is privileged and confidential.  If you are not the intended recipient, you are hereby notified that any unauthorized use, copying or dissemination of this communication is strictly prohibited and may be unlawful.  If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address by mail.  We will reimburse any costs you incur in notifying us and returning the message to us.  Thank you.
IF NOT COMPLETELY RECEIVED, PLEASE CALL US AT (203) 849-8300, Ext. 225 AS SOON AS POSSIBLE.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Albert L. Lash, IV                )
                                  )
              Plaintiff,           )
                                  )
       v.                          )          Civil Action No. 04CV10063GAO
                                  )
RBM Technologies, Inc.,            )
                                  )
              Defendant.           )
                                  )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Albert L. Lash, IV ("Lash"), hereby requests that the Defendant, RBM Technologies, Inc. ("RBM"), within thirty (30) days from the date of service hereof, answer each of the interrogatories set forth below in writing and under oath, subject to the following definitions and instructions:

### DEFINITIONS

A.    For purposes of these interrogatories, unless otherwise indicated or unless the context otherwise requires:

1.    The term "any" shall be construed to include the word "all" and "all" shall be construed to include the word "any" as necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

2.    The term "between" shall be construed to include the word "among" and "among" shall be construed to include the word "between" as necessary to

bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

3.    The term "Lash" shall refer to Plaintiff, Albert L. Lash, IV.

4.    The terms "you" or "your" shall refer to Defendant, RBM Technologies, Inc., and any affiliated corporations or other business entities under its control, any predecessors, successors in interest or licensees, and any of its directors, officers, employees, agents or representatives.

5.    The term "RBM" shall refer to Defendant, RBM Technologies, Inc., and any affiliated corporations or other business entities under its control, any predecessors, successors in interest or licensees, and any of its directors, officers, employees, agents or representatives.

6.    The terms "control" or "controlled" shall mean the power or ability of an entity to direct the management and policies of any person, firm or corporation.

7.    The term "document" shall mean all tangible things of any type, composition, construction or nature, including without limitation, the original and each non-identical copy (whether different from the original because of notes made on the copy or otherwise) or draft of each writing of every kind and description (together with all worksheets, notes, supporting documents, and other relevant material), whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means (such as recording, film, tape, videotape, disc, diskette, CD-ROM disc, laser disc, or other means including data processing files and other computer readable records or programs and all other data compilations from which information can be obtained, transcribed and translated), and including, but not limited to, billing notes, billing entries,

time slips, draft bills, edited bills, final bills, correspondence, letters, telegrams, telefaxes, telexes, e-mail, messages, telephone logs, diaries, memoranda, notes reports, printouts, records of meetings, conferences or telephone or other conversations or communications, appointment calendars, surveys, studies, statistical analyses, technical analyses, test reports, search reports, tabulations, drawings, plans, blueprints, specifications, graphs, books, magazines, newspapers, publications, articles, booklets, pamphlets, circulars, bulletins, brochures, advertising copy, contract bids, contracts, contract addenda, amendments, changes and modifications, data compilations, computerized records, etc.

       8.     The term "customer" shall refer to any individual or entity who purchases or licenses or who has purchased or licensed goods or services from RBM and is still using the same. The term "prospective customer" shall refer to any individual or entity who has been offered goods or services by RBM for purchase or license or who is or was likely at one time to purchase or license goods or services from RBM. The term "former customer" shall refer to any individual or entity who has purchased or licensed goods or services from RBM and is no longer using the same.

       9.    (a)    Whenever an interrogatory directs you to "identify" or inquires about the identity of an individual, the information requested includes:

        (1)    The person's full name;

        (2)    The person's employer;

        (3)    The person's position or title; and

        (4)    The person's last known address and telephone number.

(b)    Whenever an interrogatory directs you to "identify" or inquires about the identity of a corporation, division, agency, association or other entity, the information requested includes its full name and current address.

B.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

C.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

D.    Definitions provided herein apply to any grammatical variant of the term or phrase definition.

E.    In the event that you contend that any information is privileged or otherwise excludable from discovery, you should specify the basis for the privilege or other ground for exclusion with respect to the information in question.

## INTERROGATORIES

1.    Identify each customer of RBM that uses software purchased or licensed from RBM, and further, separately identify which of such customers use software developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such customer.

2.    Identify each prospective customer of software of RBM and, further, separately identify which of such prospective customers has discussed with RBM the use

of software developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such prospective customer.

      3.      Identify each former customer of RBM that has used software purchased or licensed from RBM, and further, specifically identify which of such former customers used software that was developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such former customer.

      4.      If you deny any of Plaintiff's First Requests for Admission, or if your response to any such request is not an unqualified "admitted", explain why the alleged customer listed in each such request is not a customer of RBM and explain if the alleged customer is either a prospective customer or a former customer.

      5.      Specify the name of any software developed by RBM after Lash's departure on December 13, 2003, and

      a. Indicate whether the aforementioned software is derived from software developed by Lash before his departure;

      b. Identify the author of the software, the date it was created and whether, prior to creating the software, the author had access to the software developed by Lash;

      c. Indicate which lines of source code in the software, if any, are identical to lines of source code in the software developed by Lash; and

    d. Indicate which lines of source code in the software, if any, were derived from lines of source code in the software developed by Lash.

6.    For any software developed by RBM after Lash's departure on December 13, 2003, indicate whether it performs the following functions:

    a. Manages in-branch and in-store marketing communications;

    b. Manages communication from headquarters to branch or retail locations;

    c. Manages information relating to branch and retail locations, such as addresses, employees at each location, hours of operation, inventory at each location, customer demographics at each location and information pertaining to location regions;

    d. Manages information relating to marketing campaigns, such as start and stop dates, locations included in campaigns, advertising materials included in campaigns and instructions for campaigns, as well as reports calculating production and distribution requirements for each location, region and campaign;

    e. Displays branches and retail locations on a bird's-eye-view floor plan, showing each merchandising fixture, including advertising materials, product positioning and promotional materials, in its current state or proposed state and whether or not the fixture is in compliance with corporate marketing directives;

    f. Displays photographic images from the inside and outside of the branch location;

g.  Manages information relating to merchandising systems, such as fixture images, fixture sizes, fixture containers and an inventory of fixtures in storage and throughout the retail footprint;

h.  Manages information pertaining to advertising and promotional materials, including maintenance of a library of all materials, information relating to inventory of materials in storage and throughout the retail footprint, instructions on whether to retain or destroy such materials and the ability to order new materials;

i.  Allows management to communicate to line staff about current guidelines regarding marketing regulations;

j.  Allows branch and retail store staff to communicate with headquarters regarding marketing campaign execution, customer responses and corporate directives.

7.  If any software developed by RBM after Lash's departure does not perform any of the functions listed in Interrogatory No. 6, explain why not.

8.  If any software developed by RBM after Lash's departure performs any additional functions not listed in Interrogatory No. 6, describe those functions.

9.  List separately and describe the different versions of software that have existed since December 13, 2003 that RBM has offered for sale or license and/or sold or licensed, and further, specifically identify which, if any, of such software was derived from software developed by Lash and/or contains components that were included in software developed by Lash.

time slips, draft bills, edited bills, final bills, correspondence, letters, telegrams, telefaxes, telexes, e-mail, messages, telephone logs, diaries, memoranda, notes reports, printouts, records of meetings, conferences or telephone or other conversations or communications, appointment calendars, surveys, studies, statistical analyses, technical analyses, test reports, search reports, tabulations, drawings, plans, blueprints, specifications, graphs, books, magazines, newspapers, publications, articles, booklets, pamphlets, circulars, bulletins, brochures, advertising copy, contract bids, contracts, contract addenda, amendments, changes and modifications, data compilations, computerized records, etc.

        8.      The term "customer" shall refer to any individual or entity who purchases or licenses or who has purchased or licensed goods or services from RBM and is still using the same. The term "prospective customer" shall refer to any individual or entity who has been offered goods or services by RBM for purchase or license or who is or was likely at one time to purchase or license goods or services from RBM. The term "former customer" shall refer to any individual or entity who has purchased or licensed goods or services from RBM and is no longer using the same.

        9.    (a)    Whenever an interrogatory directs you to "identify" or inquires about the identity of an individual, the information requested includes:

        (1)    The person's full name;

        (2)    The person's employer;

        (3)    The person's position or title; and

        (4)    The person's last known address and telephone number.

(b)    Whenever an interrogatory directs you to "identify" or inquires about the identity of a corporation, division, agency, association or other entity, the information requested includes its full name and current address.

B.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

C.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

D.    Definitions provided herein apply to any grammatical variant of the term or phrase definition.

E.    In the event that you contend that any information is privileged or otherwise excludable from discovery, you should specify the basis for the privilege or other ground for exclusion with respect to the information in question.

## INTERROGATORIES

1.    Identify each customer of RBM that uses software purchased or licensed from RBM, and further, separately identify which of such customers use software developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such customer.

2.    Identify each prospective customer of software of RBM and, further, separately identify which of such prospective customers has discussed with RBM the use

of software developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such prospective customer.

3.    Identify each former customer of RBM that has used software purchased or licensed from RBM, and further, specifically identify which of such former customers used software that was developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash, and identify a contact person associated with each such former customer.

4.    If you deny any of Plaintiff's First Requests for Admission, or if your response to any such request is not an unqualified "admitted", explain why the alleged customer listed in each such request is not a customer of RBM and explain if the alleged customer is either a prospective customer or a former customer.

5.    Specify the name of any software developed by RBM after Lash's departure on December 13, 2003, and

        a.    Indicate whether the aforementioned software is derived from software developed by Lash before his departure;

        b.    Identify the author of the software, the date it was created and whether, prior to creating the software, the author had access to the software developed by Lash;

        c.    Indicate which lines of source code in the software, if any, are identical to lines of source code in the software developed by Lash; and

        d. Indicate which lines of source code in the software, if any, were derived from lines of source code in the software developed by Lash.

6.      For any software developed by RBM after Lash's departure on December 13, 2003, indicate whether it performs the following functions:

        a. Manages in-branch and in-store marketing communications;

        b. Manages communication from headquarters to branch or retail locations;

        c. Manages information relating to branch and retail locations, such as addresses, employees at each location, hours of operation, inventory at each location, customer demographics at each location and information pertaining to location regions;

        d. Manages information relating to marketing campaigns, such as start and stop dates, locations included in campaigns, advertising materials included in campaigns and instructions for campaigns, as well as reports calculating production and distribution requirements for each location, region and campaign;

        e. Displays branches and retail locations on a bird's-eye-view floor plan, showing each merchandising fixture, including advertising materials, product positioning and promotional materials, in its current state or proposed state and whether or not the fixture is in compliance with corporate marketing directives;

        f. Displays photographic images from the inside and outside of the branch location;

g.   Manages information relating to merchandising systems, such as fixture images, fixture sizes, fixture containers and an inventory of fixtures in storage and throughout the retail footprint;

h.   Manages information pertaining to advertising and promotional materials, including maintenance of a library of all materials, information relating to inventory of materials in storage and throughout the retail footprint, instructions on whether to retain or destroy such materials and the ability to order new materials;

i.   Allows management to communicate to line staff about current guidelines regarding marketing regulations;

j.   Allows branch and retail store staff to communicate with headquarters regarding marketing campaign execution, customer responses and corporate directives.

7.    If any software developed by RBM after Lash's departure does not perform any of the functions listed in Interrogatory No. 6, explain why not.

8.    If any software developed by RBM after Lash's departure performs any additional functions not listed in Interrogatory No. 6, describe those functions.

9.    List separately and describe the different versions of software that have existed since December 13, 2003 that RBM has offered for sale or license and/or sold or licensed, and further, specifically identify which, if any, of such software was derived from software developed by Lash and/or contains components that were included in software developed by Lash.

10.   Specify which versions of any software developed by Lash and/or software derived from software developed by Lash and/or software that contains components that were included in software developed by Lash are being or have been used by customers of RBM, and identify each customer that is using or has used each such version.

Respectfully Submitted,
ALBERT L. LASH, IV
By his Attorneys,


David Fanikos, Esq. BBO No. 564303
Demeo & Associates, PC
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

GRIMES & BATTERSBY, LLP
Charles W. Grimes, Esq.
Jessica S. Rutherford, Esq.
488 Main Avenue
Norwalk, Connecticut 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant has been served upon Defendant RBM Technologies, Inc. on this 2nd day of March 2006, via U.S. Mail, First Class, postage prepaid, to:

George A. McLaughlin, Esq.
THE MCLAUGHLIN BROTHERS, P.C.
One Beacon Street, 17th Floor
Boston, Massachusetts 02108

Jessica S. Rutherford

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALBERT L. LASH, IV,                )
                                   )
          Plaintiff,               )
                                   )        Civil Action No. 04CV10063GAO
     v.                            )
                                   )
RBM TECHNOLOGIES, INC.,            )
                                   )
          Defendant.               )
                                   )
                                   )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff, Albert L.

Lash, IV ("Lash"), hereby requests that Defendant, RBM Technologies, Inc. ("RBM"), within

thirty (30) days from the date of service hereof, admit the truth of the statements set forth herein.

The requested admissions are for the purpose of this action only.

### DEFINITIONS

A.     The term "RBM" shall refer to Defendant, RBM Technologies, Inc., and all

individual persons, partnerships or corporations that have controlled, participated in, approved or

ratified its acts, including without limitation, all officers, directors, agents, employees, servants,

attorneys, parent companies, affiliates, subsidiaries, divisions, sales agents, predecessors or

successors in interest and all other representatives and persons in its control or acting on its

behalf.

B.     The term "customer" shall refer to any individual or entity who purchases

or licenses or who has purchased or licensed goods or services from RBM and is still using the

same. The term "prospective customer" shall refer to any individual or entity who has been

offered goods or services by RBM for purchase or license or who is or was likely at one time to purchase or license goods or services from RBM. The term "former customer" shall refer to any individual or entity who has purchased or licensed goods or services from RBM and is no longer using the same.

## REQUESTS FOR ADMISSION

1.     Verizon Wireless is a customer of RBM.

2.     Verizon Wireless is a prospective customer of RBM.

3.     Verizon Wireless is a former customer of RBM.

4.     Harris Bank is a customer of RBM.

5.     Harris Bank is a prospective customer of RBM.

6.     Harris Bank is a former customer of RBM.

7.     Ann Taylor is a customer of RBM.

8.     Ann Taylor is a prospective customer of RBM.

9.     Ann Taylor is a former customer of RBM.

10.    Provident Bank is a customer of RBM.

11.    Provident Bank is a prospective customer of RBM.

12.    Provident Bank is a former customer of RBM.

13.    The Rockland Trust is a customer of RBM.

14.    The Rockland Trust is a prospective customer of RBM.

15.    The Rockland Trust is a former customer of RBM.

16.    AT&T Wireless/Cingular is a customer of RBM.

17.    AT&T Wireless/Cingular is a prospective customer of RBM.

2

18.    AT&T Wireless/Cingular is a former customer of RBM.

19.    Bank of New York is a customer of RBM.

20.    Bank of New York is a prospective customer of RBM.

21.    Bank of New York is a former customer of RBM.

22.    Sovereign Bank is a customer of RBM.

23.    Sovereign Bank is a prospective customer of RBM.

24.    Sovereign Bank is a former customer of RBM.

25.    The Body Shop is a customer of RBM.

26.    The Body Shop is a prospective customer of RBM.

27.    The Body Shop is a former customer of RBM.

28.    Bank of Montreal is a customer of RBM.

29.    Bank of Montreal is a prospective customer of RBM.

30.    Bank of Montreal is a former customer of RBM.

31.    Astoria Federal Savings Bank is a customer of RBM.

32.    Astoria Federal Savings Bank is a prospective customer of RBM.

33.    Astoria Federal Savings Bank is a former customer of RBM.

34.    Circuit City is a customer of RBM.

35.    Circuit City is a prospective customer of RBM.

36.    Circuit City is a former customer of RBM.

37.    American Savings Bank is a customer of RBM.

38.    American Savings Bank is a prospective customer of RBM.

39.    American Savings Bank is a former customer of RBM.

40.    City National Bank is a customer of RBM.

3

41.  City National Bank is a prospective customer of RBM.

42.  City National Bank is a former customer of RBM.

43.  CVS is a customer of RBM.

44.  CVS is a prospective customer of RBM.

45.  CVS is a former customer of RBM.

46.  National City is a customer of RBM.

47.  National City is a prospective customer of RBM.

48.  National City is a former customer of RBM.

49.  Wachovia is a customer of RBM.

50.  Wachovia is a prospective customer of RBM.

51.  Wachovia is a former customer of RBM.

Respectfully Submitted,
ALBERT L. LASH, IV
By his Attorneys,


David Fanikos, Esq. BBO No. 564303
Demeo & Associates, PC
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

GRIMES & BATTERSBY, LLP
Charles W. Grimes, Esq.
Jessica S. Rutherford, Esq.
488 Main Avenue
Norwalk, Connecticut 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

Dated: March 1, 2006

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's First Requests for Admission has been served upon Defendant RBM Technologies, Inc. on this 2nd day of March 2006, via U.S. Mail, First Class, postage prepaid, to:

> George A. McLaughlin, Esq.
> THE MCLAUGHLIN BROTHERS, P.C.
> One Beacon Street, 17th Floor
> Boston, Massachusetts 02108

Jessica S. Rutherford

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Albert L. Lash, IV | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04CV10063GAO |
| RBM Technologies, Inc., | ) |
| Defendant. | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Albert L. Lash ("Lash"), requests that Defendant, RBM Technologies ("RBM"), make available for inspection and copying all documents described herein which are in its possession, custody or control, within thirty (30) days, at the offices of Grimes & Battersby, LLP, 488 Main Avenue, Norwalk, Connecticut 06851, subject to the following definitions:

### DEFINITIONS

A.    For purposes of these requests for production, unless otherwise indicated or unless the context otherwise requires:

1.    The term "any" shall be construed to include the word "all" and "all" shall be construed to include the word "any" as necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

2.    The term "between" shall be construed to include the word "among" and "among" shall be construed to include the word "between" as necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

3.    The term "Lash" shall refer to Plaintiff, Albert L. Lash, IV.

4.    The terms "you" or "your" shall refer to Defendant, RBM Technologies, Inc., and any affiliated corporations or other business entities under its control, any predecessors, successors in interest or licensees, and any of its directors, officers, employees, agents or representatives.

5.    The term "RBM" shall refer to Defendant, RBM Technologies, Inc., and any affiliated corporations or other business entities under its control, any predecessors, successors in interest or licensees, and any of its directors, officers, employees, agents or representatives.

6.    The terms "control" or "controlled" shall mean the power or ability of an entity to direct the management and policies of any person, firm or corporation.

7.    The term "document" shall mean all tangible things of any type, composition, construction or nature, including without limitation, the original and each non-identical copy (whether different from the original because of notes made on the copy or otherwise) or draft of each writing of every kind and description (together with all worksheets, notes, supporting documents, and other relevant material), whether inscribed by hand or mechanical, electronic, microfilm, photographic or other means (such as recording, film, tape, videotape, disc, diskette, CD-ROM disc, laser disc, or other means including data processing files and other computer readable records or programs and all other data compilations from which information can be obtained, transcribed and translated), and including, but not limited to, billing notes, billing entries, time slips, draft bills, edited bills, final bills, correspondence, letters, telegrams, telefaxes, telexes, e-mail, messages, telephone logs, diaries, memoranda, notes reports, printouts, records of meetings, conferences or telephone or other conversations or

2

communications, appointment calendars, surveys, studies, statistical analyses, technical analyses, test reports, search reports, tabulations, drawings, plans, blueprints, specifications, graphs, books, magazines, newspapers, publications, articles, booklets, pamphlets, circulars, bulletins, brochures, advertising copy, contract bids, contracts, contract addenda, amendments, changes and modifications, data compilations, computerized records, etc.

        8.     The term "customer" shall refer to any individual or entity who purchases or licenses or who has purchased or licensed goods or services from RBM and is still using the same. The term "prospective customer" shall refer to any individual or entity who has been offered goods or services by RBM for purchase or license or who is or was likely at one time to purchase or license goods or services from RBM. The term "former customer" shall refer to any individual or entity who has purchased or licensed goods or services from RBM and is no longer using the same.

        9.     The terms "refer", "relate", "relating to" or "referring to" shall mean concerning, discussing, describing, containing, analyzing, studying, reporting on, commenting on, evidencing, setting forth, connected to, as a result of, considering, associated with, identified with, and/or constituting in whole or in part.

        10.    The term "Lash Software" shall mean software provided to customers and/or potential customers and/or former customers by RBM that was developed by Lash and/or derived from software developed by Lash and/or contains components that were included in software developed by Lash.

        B.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

<center>3</center>

C.      A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, wherever necessary to bring within the scope of a request all responses which might otherwise be construed to be outside its scope.

D.      Definitions provided herein apply to any grammatical variant of the term or phrase definition.

## INSTRUCTIONS

1.      If you claim that any document or thing requested herein is protected from discovery by any privilege against disclosure, please specify the basis for the privilege or other ground for exclusion and produce a separate list of all such documents and things with your responses hereto. Such separate list shall identify each such document and thing by date, nature and/or type of document or thing, identify each author(s) or creator(s) (with title and designation), identify each recipient(s) (with title and designation), the original document/thing and/or any copies, title and subject matter of document or nature of thing, identify each custodian and/or location of the original document, thing and/or any copies, and the grounds for such claim of privilege.

2.      Unless otherwise indicated, the requests herein call for documents in existence at any time from May 1, 2001 to the date of this request, inclusive.

## DOCUMENT REQUESTS

1.      All documents identified or referenced in Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant.

2.      All documents that refer or relate to sales presentations made by RBM to customers and/or prospective customers and/or former customers, including all digital, PowerPoint or video demonstrations.

4

3. All project specifications created by RBM for its customers and/or prospective customers and/or former customers that refer or relate to the Lash Software.

4. All pricing sheets provided by RBM to its customers and/or prospective customers and/or former customers that refer or relate to the Lash Software.

5. All meeting notes and correspondence with customers and/or prospective customers and/or former customers that refer or relate to the Lash Software, including, but not limited to, documents in electronic form.

6. All contracts between RBM and its customers and/or prospective customers and/or former customers that refer or relate to the Lash Software.

7. All invoices provided by RBM to its customers and/or prospective customers and/or its former customers that refer or relate to the Lash Software.

8. All documents that refer or relate to payments made to RBM by its customers and/or prospective customers and/or former customers relating to the Lash Software.

9. All manuals provided by RBM to its customers and/or prospective customers and/or former customers that refer or relate to the Lash Software, including, but not limited to, documents in electronic form.

10. All screen shots that refer or relate to representative modules of the Lash Software.

11. All router logs evidencing access to RBM's servers that refer or relate to the Lash Software.

12. All licenses granted by RBM for use of the Lash Software from 2000 to the present.

13.    All documents that refer or relate to any indemnity received from or provided to RBM regarding the use of the Lash Software.

14.    All documents that refer or relate to ownership of the Lash Software.

15.    All documents that refer or relate to Lash, Savonix Corporation and/or the Lash Software.

16.    All documents that refer or relate to litigation between RBM and Lash and/or Savonix Corporation.

17.    A copy the source code of each version of software referenced in response to Interrogatory No. 9.

<div style="margin-left: 40%">

Respectfully Submitted,
ALBERT L. LASH, IV
By his Attorneys,


_____

David Fanikos, Esq. BBO No. 564303
Demeo & Associates, PC
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

GRIMES & BATTERSBY, LLP
Charles W. Grimes, Esq.
Jessica S. Rutherford, Esq.
488 Main Avenue
Norwalk, Connecticut 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

</div>

Dated: March 1, 2006

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's First Request for Production of Documents to Defendant has been served upon Defendant RBM Technologies, Inc. on this 2nd day of March 2006, via U.S. Mail, First Class, postage prepaid, to:

George A. McLaughlin, Esq.
THE MCLAUGHLIN BROTHERS, P.C.
One Beacon Street, 17th Floor
Boston, Massachusetts 02108

Jessica S. Rutherford

7