**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Albert L. Lash, IV | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04CV10063GAO |
| | ) | |
| RBM Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

The Plaintiff, Albert L. Lash, IV ("Lash"), by its undersigned counsel, submits the following Memorandum in Support of Plaintiff's Opposition to Defendant's Emergency Motion for Protective Order (the "Opposition"). The Plaintiff opposes Defendant's Emergency Motion for Protective Order that documents sought in subpoenas duces tecum on third parties not be produced.

Defendant claims Plaintiff may not initiate discovery because Plaintiff has not provided Defendant with its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.2(A). Plaintiff served Defendant with the Initial Disclosures on March 20, 2006. Therefore, Defendant's objection is moot. It should be noted, however, that Defendant has not provided Plaintiff with its Initial Disclosures.

Defendant further claims that the subpoenas are intended to harass and embarrass RBM and that they call for disclosure of RBM's trade secrets and confidential commercial information, which will give Lash a competitive advantage against RBM. On the contrary, the discovery sought in the subpoenas is relevant to Plaintiff's claims, reasonably calculated to lead to the

discovery of admissible evidence and is not privileged. Fed. R. Civ. P. Rule 26(b)(1). To protect Defendant from any purported exposure of trade secrets, Plaintiff is willing to enter into a confidentiality stipulation, according to which all documents produced would be designated "attorney's eyes only".

Finally, Defendant claims that the discovery sought in this case is unlikely to be necessary as the issues it addresses will likely be resolved in the separate pending case of <u>RBM Technologies, Inc. v. Albert L. Lash, IV and Savonix Corporation</u>; Massachusetts Middlesex County Superior Court Civil Action No. 05-0047 (the "State Case"). The State Case is irrelevant to discovery in the federal action pending in this Court. Plaintiff's copyright claim arises under the Copyright Amendments Act, 17 U.S.C. §§ 101 *et seq.* so that "federal question" jurisdiction exists. <u>See</u> 28 U.S.C. §§ 1331, 1338. Although the State Case Defendant refers to was removed and subsequently remanded to the Middlesex Superior Court, this pending action is a separate and independent action, properly brought before this United States District Court for the District of Massachusetts.

## FACTS

On January 9, 2004, Lash filed a Complaint against RBM in the United States District Court for the District of Massachusetts. The Complaint alleges copyright infringement by RBM and seeks both a declaratory judgment that Lash is the owner of copyright in the subject software and an accounting. The copyright claim arises under the Copyright Amendments Act, 17 U.S.C. §§ 101 *et seq.* so that "federal question" jurisdiction exists. <u>See</u> 28 U.S.C. §§ 1331, 1338.

On March 2, 2006, Plaintiff served Defendant with discovery requests, including Requests for Production of Documents, Requests for Admission and Interrogatories. On that day, Plaintiff also faxed and sent a letter dated March 1, 2006 to Defendant explaining Plaintiff's

intention to serve subpoenas on Defendant's customers and prospective customers for the week of March 20, 2006. A copy of the letter is attached hereto as Exhibit A. Plaintiff offered to serve the subpoenas for the week of March 27, 2006, if the week of March 20, 2006 was inconvenient for Defendant. Defendant did not respond, so Plaintiff proceeded to prepare the subpoenas for the week of March 20, 2006. On March 8, 2006, David W. Fanikos, attorney for Plaintiff, signed the subpoenas. Plaintiff again notified Defendant of its intentions via facsimile on March 10, 2006. A copy of the letter is attached hereto as Exhibit B. Courtesy copies of the subpoenas and the accompanying letters regarding voluntary informal production were enclosed at that time.

Plaintiff was first notified at approximately 3:00 P.M. on Thursday, March 16, 2006 that Defendant would be filing the instant Emergency Motion for Protective Order. The Motion and accompanying Memorandum of Reasons in Support of the Motion were filed later that day at 5:44 P.M. and 5:47 P.M., respectively, after waiting two weeks to respond to Plaintiff's letters.

The fifteen (15) subpoenas were served on or about March 15, 2006. Since that date, Plaintiff has been in contact with fourteen (14) of the subpoenaed parties. Although four of those parties have either formally or informally objected to the subpoenas, all but two of the parties with whom Plaintiff has been in contact have communicated their intention to comply and have either produced or are preparing to produce the requested documents.

On March 20, 2006, Plaintiff served Defendant with its Initial Disclosures required by Fed. R. Civ. P. Rule 26(a)(1). A copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit C. Defendant has not served Plaintiff with its Initial Disclosures.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO CONTINUE DISCOVERY AND HAS COMPLIED WITH FED. R. CIV. P. RULE 26(a)(1).

Plaintiff served Defendant with its Initial Disclosures required by Fed. R. Civ. P. Rule 26(a)(1) on March 20, 2006. Any noncompliance with the Rules from such late Disclosure has been cured, and Defendant's objection is now moot. Plaintiff is entitled to continue discovery.

### II. A PROTECTIVE ORDER IS NOT NECESSARY

A protective order is unnecessary because there is no risk of subjecting RBM to annoyance, embarrassment, oppression or undue burden or expense due to the subpoenas. The discovery sought in the subpoenas is relevant to Plaintiff's claims, reasonably calculated to lead to the discovery of admissible evidence and is not privileged. Fed. R. Civ. P. Rule 26(b)(1). To protect Defendant from any purported exposure of trade secrets, Plaintiff is willing to enter into a confidentiality stipulation, according to which all documents produced would be designated "attorney's eyes only".

Furthermore, Defendant's objections to the subpoenas are both untimely and unsubstantiated. Defendant waited two weeks to respond, let alone object, to Plaintiff's repeated correspondence regarding its intention to serve the subpoenas. Moreover, the overwhelming majority of the subpoenaed parties do not find the required document production either burdensome or objectionable. In fact, twelve (12) of the fifteen (15) subpoenaed parties have communicated their intention to comply and have either produced or are preparing to produce the requested documents.

### III. THE DISCOVERY SOUGHT IS NECESSARY

The subpoenas are narrowly crafted to request only those documents that are relevant to Plaintiff's claims, reasonably calculated to lead to the discovery of admissible evidence and are

4

not privileged. Fed. R. Civ. P. Rule 26(b)(1). As such, Plaintiff is entitled to request these documents.

This pending action is properly brought before this United States District Court for the District of Massachusetts and is a separate and independent action from the State Case. Plaintiff is not only entitled to seek discovery in this action, Plaintiff would be prejudiced if it were unable to seek such discovery. The two cases are proceeding according to different scheduling orders. Contrary to Defendant's conjecture, there is no guarantee that "the State Case will be resolved substantially before the instant case." First, Defendant has already filed and been granted two extensions of the discovery schedule in the State Case. There is no telling when that case will be "resolved substantially". Second, any restrictions on Plaintiff's discovery in the instant case will deny Plaintiff the ability to comply with the Court's scheduling order and properly prosecute its claims in this action. Third, the documents requested under subpoena are relevant only to the instant case, where Plaintiff must plead and prove that Defendant infringed on Plaintiff's copyright by licensing or attempting to license rights in the software to the subpoenaed customers and prospective customers. The potential prejudice to Plaintiff clearly outweighs any burden on Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff, Albert L. Lash, IV, requests that the Court deny Defendant's motion for a Protective Order that documents sought in the subpoenas not be produced.

Respectfully Submitted,
ALBERT L. LASH, IV
By his Attorneys,


/s/  Jessica S. Rutherford
GRIMES & BATTERSBY, LLP
Charles W. Grimes, Esq.
Jessica S. Rutherford, Esq.
488 Main Avenue
Norwalk, Connecticut 06851-1008
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

David Fanikos, Esq. BBO No. 564303
Demeo & Associates, PC
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

Dated: March 30, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of Plaintiff's Opposition to Defendant's Emergency Motion for Protective Order will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Jessica S. Rutherford
Jessica S. Rutherford

# EXHIBIT A

# GRIMES & BATTERSBY, LLP

ATTORNEYS AT LAW
488 MAIN AVENUE
NORWALK, CONNECTICUT 06851-1008
(203) 849-8300

www.gandb.com

Fax: (203) 849-9300

March 1, 2006
**VIA REGULAR MAIL AND**
**FACSIMILE (617) 227-5240**

George McLaughlin, Esq.
The McLaughlin Brothers, P.C.
One Beacon Street
17th Floor
Boston, MA 02108

**Re:**    *Albert L. Lash, IV v. RBM Technologies, Inc.*
          **U.S. District Court, District of Massachusetts, CA No. 1:04-cv-10063-GAO**

Dear Attorney McLaughlin:

As part of our discovery in the above-referenced federal copyright litigation, enclosed please find Plaintiff's First Set of Interrogatories, First Requests for Admissions and First Requests for Production of Documents.

Please be advised that we will be issuing subpoenas duces tecum to all customers and prospective customers of RBM Technologies for the week of March 20th. If this is inconvenient for you, we would be willing to issue them for the week of March 27th. Please advise by return facsimile, failing at which we will go forward with the week of March 20th.

While Mr. Resnick appears to be the point person in the state action, he has not entered an appearance in the federal case. Therefore, we are directing our correspondence to you.

Very truly yours,

*Charles W. Grimes/GA*

Charles W. Grimes

cc:    David W. Fanikos, Esq. (via facsimile: (617) 263-2300)
       Mark S. Resnick, Esq. (via facsimile: (508) 749-6031)

# EXHIBIT B

# GRIMES & BATTERSBY, LLP

ATTORNEYS AT LAW
488 MAIN AVENUE
NORWALK, CONNECTICUT 06851-1008
(203) 849-8300

www.gandb.com

Fax: (203) 849-9300

March 10, 2006
**VIA REGULAR MAIL AND
FACSIMILE (617) 227-5240**

George McLaughlin, Esq.
The McLaughlin Brothers, P.C.
One Beacon Street
17th Floor
Boston, MA 02108

Re:    *Albert L. Lash, IV v. RBM Technologies, Inc.*
          <u>U.S. District Court, District of Massachusetts, CA No. 1:04-cv-10063-
          GAO</u>

Dear Attorney McLaughlin:

We wrote to you on March 1st regarding our intention to issue subpoenas duces tecum to all customers and prospective customers of RBM Technologies for the week of either March 20th or March 27th. Since we have not heard from you, we have gone ahead and issued them for the week of March 20th. We are now in the process of arranging for service of these subpoenas, while at the same time offering to accept voluntarily informal production of the requested documents.

The parties being subpoenaed are as follows: Verizon Wireless, Harris Bank, Cingular Wireless, The Provident Bank, Ann Taylor Stores Corporation, The Body Shop, Bank of New York, Astoria Federal, Circuit City, Sovereign Bank, Independent Bank Corp./The Rockland Trust, American Savings Bank, Wachovia Bank, National City and City National Bank. Copies of the subpoenas and our letters regarding voluntary informal production are enclosed.

Yours truly,

*Jessica Rutherford*

Jessica S. Rutherford

cc:    Charles W. Grimes, Esq.
          David W. Fanikos, Esq. (via facsimile: (617) 263-2300)
          Mark S. Resnick, Esq. (via facsimile: (508) 749-6031)

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ALBERT L. LASH, IV                     )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )        Case No. 04-cv-10063 (GAO)
                                       )
RBM TECHNOLOGIES, INC.                 )
                                       )
                    Defendant.         )

<u>PLAINTIFF ALBERT L. LASH, IV'S</u>

<u>RULE 26(a)(1) INITIAL DISCLOSURES</u>

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION:

Plaintiff Albert L. Lash, IV's ("Lash") initial disclosures are made without the benefit of any discovery. Defendant reserves the right to amend its disclosures to add additional witnesses.

*A. Individuals and Entities Associated with Plaintiff*

**1. Albert L. Lash, IV**
32 Bishop Road
Number 4
Quincy, MA 02170
(617) 481-1925

Information includes: full knowledge of dispute

**2. Savonix Corporation**
2 Cabot Place
Stoughton, MA 02072
(781) 695-2060

Information includes: full knowledge of dispute

**3. Semaphore Inc.**
100 Kuniholm Dr.
Holliston, MA 01746
(508) 893-9590

Information includes: limited knowledge of Plaintiff's software business.

*B. Individuals and Entities Affiliated with Defendant*

**4. RBM Technologies, Inc.**
25 Mount Auburn Street
Cambridge, MA 02138
(617) 576-1234

Information includes: full knowledge of dispute.


**5. Arthur R. Greene, Jr.**
RBM Technologies, Inc.
25 Mount Auburn Street
Cambridge, MA 02138
(617) 576-1234

Information includes: full knowledge of dispute.


**6. Raymond Ferrara**
RBM Technologies, Inc.
25 Mount Auburn Street
Cambridge, MA 02138
(617) 576-1234

Information includes: full knowledge of dispute.


**7. Ramsey Badawi**
RBM Technologies, Inc.
25 Mount Auburn Street
Cambridge, MA 02138
(617) 576-1234

Information includes: full knowledge of dispute.


**8. Jeffrey MacMann**
RBM Technologies, Inc.
25 Mount Auburn Street
Cambridge, MA 02138
(617) 576-1234

Information includes: possible knowledge of dispute.

**9. Independent Bank Corporation/The Rockland Trust**
288 Union Street
Rockland, MA 02370
(781) 878-6100

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**10. Verizon Wireless**
180 Washington Valley Rd.   51 Imclone Drive
Bedminster, NJ 07921        Branchburg, NJ 08876
(908) 306-7000              (800) 451-5242

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**11. Harris Bank**
111 W. Monroe St.
Chicago, IL 60603
(312) 461-2121

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**12. Sovereign Bank**
1500 Market St.
Philadelphia, PA 19102
(610) 320-8400

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**13. Cingular Wireless, LLC**
Glenridge Highlands Two, 5565
Glenridge Connector
Atlanta, GA 30342
(404) 236-6000

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.

**14. The Provident Bank**
830 Bergen Avenue
Jersey City, NJ 07304
(201) 333-1000

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**15. Ann Taylor Stores Corporation**
7 Times Square
15th Floor
New York, NY 10036
(212) 541-3300

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**16. Bank of New York**
1 Wall Street
New York, NY 10286
(212) 495-1784

Information includes: Documents related to Defendant's infringing sale or license of Plaintiff's software.


**17. City National Bank**
City National Center
400 North Roxbury Drive
Beverly Hills, CA 90210
(216) 222-2000

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.


**18. Wachovia**
1 First Union Center
301 S. College St.
Charlotte, NC 28288
(704) 374-6565

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.

**19. American Savings Bank**
915 Fort Street Mall
Financial Plaza of the Pacific
Honolulu, HI 96813

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.

**20. Astoria Federal**
One Astoria Federal Plaza
Lake Success, NY 11042
(516) 327-3000

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.

**21. Circuit City**
9950 Mayland Dr.
Richmond, VA 23233
(804) 527-4164

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.

**22. The Body Shop International PLC**
5036 One World Way
Wake Forest, NC 27587
(919) 554-4900

Information includes: Documents related to Defendant's attempted infringing sale or license of Plaintiff's software.

## II. CATEGORIES AND LOCATION OF DOCUMENTS:

1. Documents related to Plaintiff's copyrighted software.

2. Documents related to Defendant's infringement of Plaintiff's copyrighted software.

All of the aforesaid documents are located at the home of Albert L. Lash, IV at the following address:

5

32 Bishop Road
Number 4
Quincy, MA 02170

## III. COMPUTATION OF DAMAGES

As a result of Defendant's conduct, Plaintiff has been damaged in an amount that is not yet ascertainable. Plaintiff has demanded an accounting from Defendant of all revenue derived by Defendant from the infringement of Plaintiff's copyrighted software. Alternatively, Plaintiff seeks statutory damages. Plaintiff also seeks costs, reasonable attorneys' fees and such other relief as the Court deems just and proper.

## IV. INSURANCE

Plaintiff has no insurance agreements that will provide coverage for any liability or costs incurred in this lawsuit.

Dated: Boston, Massachusetts
       March 20, 2006

By: _____
    David W. Fanikos, Esq.
    Demeo & Associates, P.C.
    One Lewis Wharf
    Boston, MA 02110

    ATTORNEY FOR PLAINTIFF
    ALBERT L. LASH, IV

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT
WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH
PARTY BY MAILHAND ON 30 Mar 06
FMK

6