UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV<br><br>Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.<br><br>Defendant. | C.A. No. 04-10063-GAO |

**CONFIDENTIALITY PROTECTIVE ORDER**

The Court hereby ORDERS that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among all parties in the course of this action (the "Action"):

1.  Counsel for any party, person or entity (hereinafter "Person") subject to discovery in the Action may designate as "Confidential" any files, documents, deposition testimony and information furnished by that party in the course of pretrial discovery in the Action which such Person believes in good faith constitutes or reveals confidential, non-public business or personal information.

    (a) Counsel for any Person subject to discovery in the Action may designate as "Confidential-Attorneys' Eyes Only" any files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action which such Person in good faith believes is of such a commercially sensitive nature that disclosure to persons other than those specified herein in paragraph 6 would reasonably be expected to result in injury to the designating party. Examples of documents or other information that are properly classifiable as "Confidential-Attorneys' Eyes Only" include, but are not necessarily limited to, financial information and marketing or scientific information and know-how.

    (b) The designation by any Person of any document, material or information

such document, material or information has been reviewed by an attorney for the Person and that, in such counsel's opinion, there is a good faith basis for such designation. Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this paragraph will not preclude a later designation (but no later than 30 days from original production) to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

     2.    "Confidential" or "Confidential-Attorneys' Eyes Only" material will be used by the receiving party solely for purposes of preparing for and conducting the litigation of the Action and any related action and any appellate proceeding in the Action or any related appellate proceedings.

     3.    Any document or other tangible materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be so designated by stamping the same with the legend "Confidential" or "Confidential-Attorneys' Eyes Only," respectively, or a substantially similar legend, at the time of their production.

     4.    Any deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any one of the following means:

          (a)    stating orally on the record of a deposition that certain information or testimony is "Confidential" or "Confidential-Attorneys' Eyes Only" or that the entire deposition transcript is so designated; or

          (b)    sending written notice within ten (10) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential" or

"Confidential-Attorneys' Eyes Only."  However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential-Attorneys' Eyes Only" until ten (10) business days after the transcript of the deposition has been received by the party whose "Confidential" or "Confidential-Attorneys' Eyes Only" materials are involved.

5. Discovery materials designated "Confidential," which for the purpose of this paragraph does not include materials designated "Confidential-Attorneys' Eyes Only," shall not be disclosed by the party receiving such materials to persons other than:

(a) this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

(b) any named party and the officers, directors, and employees of such party;

(c) counsel to the parties in the Action who have entered appearances in the Action and inside counsel of the parties, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(d) clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

(e) any jurors and alternate jurors;

(f) the insurers and reinsurers of the parties to these proceedings or of the officers, directors, partners, and employees of such parties, and the officers, directors, partners,

employees and counsel of such insurers and reinsurers, to the extent reasonably necessary to assert, investigate, respond to or perform other work in connection with any claim for insurance coverage;

    (g)    a non-party who authored or received the confidential information;

    (h)    any expert or consultant as provided in paragraph 7 below; and

    (i)    any other person to whom the parties agree in writing.

6.    Documents, materials or other information designated "Confidential-Attorneys' Eyes Only" shall be held in confidence and shall not be discussed, revealed or disclosed in any manner or form, with or to any person or entity other than the person identified in Subparagraphs 5(a), (c), (d), (e), (f), (g), (h) or (i).

7.    "Confidential" or "Confidential-Attorneys' Eyes Only" materials may be provided to qualified experts or consultants retained by counsel in connection with the Action, including purely consulting expert/consultants, provided that:

(a) such consultants and/or experts are not presently employed or retained by (other than as an expert or consultant in this action) the retaining party and provided that such consultants and/or experts do not become, at any time before settlement of this action or entry of a final non-appealable judgment in this action, employed by or retained by (other than as an expert or consultant in this action) the retaining party;

(b) advance written notice is given to the opposing party or nonparty producing the Confidential – Attorneys' Eyes Only Material, which identifies each testifying expert or testifying consultant and provides the person's current curriculum vitae (the "Written Notice"); and (iii) the opposing party or nonparty producing the "Confidential – Attorneys' Eyes Only

Material" does not, within five (5) business days after receipt of the Written Notice, challenge such disclosure (a "Challenge") in writing to counsel for the retaining party. In the event the parties are not able to informally resolve a Challenge within five (5) business days of receipt of the Challenge, the party issuing the Challenge shall then have five (5) business days in which to file a motion for protective order pursuant Fed. R. Civ. P. 26(c). In the event the party issuing the Challenge fails to file such a motion within said time, the Challenge shall be deemed withdrawn. No disclosure shall be made until more than five business days after receipt of the Written Notice by the opposing party or nonparty, or until resolution of any timely motion filed by such opposing party or nonparty, whichever is later.

      (c)    such experts or consultants use said information solely in connection with the Action;

      (d)    such experts or consultants execute a copy of the acknowledgment attached as Exhibit A, agreeing in writing to be bounded by the terms and conditions of this ORDER and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this ORDER;

      (e)    such experts or consultants agree not to disclose or use such confidential discovery materials for purposes other than those permitted hereunder; and

      (f)    such experts or consultants have expertise in the field to which the information relates.

      8.    If any party subpoenaes material from any non-party, the non-party shall deliver the material to the opposing party's counsel, and the subpoena shall so stipulate. Counsel who

receives such material shall designate the material "Confidential" or "Confidential-Attorneys' Eyes Only," Bates-stamp the material and produce the material within fourteen (14) days of receipt to counsel for the party who issued the subpoena.

9. Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving "Confidential" or "Confidential-Attorneys' Eyes Only" information. Such acknowledgement shall be available for inspection by counsel for all parties to this action after the final termination of this Action.

10. If any party objects to the designation of any discovery materials as "Confidential" or Confidential-Attorneys' Eyes Only," the party shall state the objection by letter to counsel for the party making designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this ORDER. In any court proceeding regarding confidential information, the burden shall be on the party asserting the claim to demonstrate that any document or information is "Confidential" or "Confidential-Attorneys' Eyes Only."

11. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential" or "Confidential-Attorneys' Eyes Only" materials in connection with this Action.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be

construed to limit in any way any party's use of its own "Confidential" or "Confidential-Attorneys' Eyes Only" materials.

13. Within sixty (60) days after the producing party's request therefore and after the final termination of the Action, counsel shall return all confidential materials and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such "Confidential" or "Confidential-Attorneys' Eyes Only" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained document and the "Confidential" or "Confidential-Attorneys' Eyes Only" information contained therein will continue to be treated as provided in this ORDER.

14. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

15. The inadvertent production of any document or other disclosure of information which the producing person contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in

whole or in part of the claim of privilege or protection, either as to the specific document or information disclosed or as to any other document or information relating thereto. Within a reasonable time, the producing person shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such document. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the producing person within fourteen (14) days of such demand, unless the receiving party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and the producing person shall attempt to resolve the dispute. If the dispute is not resolved, the producing person may move the Court for a protective order. In the event the producing person makes such a motion, the producing person shall have the burden to demonstrate the applicability of the privilege claimed and the producing person's notification of inadvertent production. Any documents or information as to which notice has been given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the producing person otherwise agree.

16. Nothing herein shall preclude any party from applying to this Court for an order modifying this ORDER, or shall preclude any modification of this ORDER with the consent of all parties hereto.

17. This ORDER shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this ORDER. Any Person may move the Court for a modification of or relief from this ORDER at any time upon

notice to all parties.

       Entered as an Order of this Honorable Court this \_\_\_\_\_ day of _____, 2006.

                                PER ORDER:

                                _____

| ALBERT L. LASH | RBM TECHNOLOGIES, INC. |
|---|---|
| By his attorneys, | By its attorneys, |
| /s/ Jessica S. Rutherford | /s/ Lee T. Gesmer |
| Charles W. Grimes, Esq. (*pro hac vice*) | |
| Jessica S. Rutherford, Esq. (*pro hac vice*) | Lee T. Gesmer (BBO No. 190260) |
| Grimes & Battersby, LLP | Kurt Bratten (BBO No. 644730) |
| 488 Norwalk, Connecticut 06851-1008 | Gesmer Updegrove LLP |
| Telephone: (203) 849-8300 | 40 Broad Street |
| Facsimile: (203) 849-9300 | Boston, Massachusetts 02109 |
| | Kurt.Bratten@gesmer.com |
| David Fanikos, Esq. (BBO No. 564303) | Telephone: (617) 350-6800 |
| Demeo & Associates, PC | Facsimile: (617) 350-6878 |
| 227 Lewis Wharf | |
| Boston, Massachusetts 02110 | George A. McLaughlin, III, Esq. |
| Telephone: (617) 263-2600 | (BBO No. 544822) |
| Facsimile: (617) 263-2300 | The McLaughlin Brothers, P.C. |
| | One Beacon Street, 17th Floor |
| | Boston, Massachusetts 02109 |
| | Telephone: (617) 523-7165 |

Date: May 5, 2006

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT L. LASH, IV<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RBM TECHNOLOGIES, INC.<br><br>　　　　　　Defendant. | C.A. No. 04-10063-GAO |

**ACKNOWLEDGEMENT TO BE BOUND BY THE
STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

　　　　　I,_____, do hereby acknowledge that I have read the Stipulated Confidentiality Protective order entered in the above-captioned matter, and agree to be bound by the terms thereof.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　(print name)

Dated: